Case 4:21-cv-02013   Document 21   Filed on 09/16/22 in TXSD   Page 1 of 5

United States District Court
Southern District of Texas
**ENTERED**
September 16, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TIANJIN BOND USA, LLC and BANGPING YU, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:21-cv-02013 |
| | § | |
| WESTERN POST (US) INC. f/k/a POWER IN CLOUD, INC., WESTERN POST (HOU) INC. f/k/a OW SOUTHWEST DISTRIBUTION INC., ZIAOWEI WANG and BIOA PENG, | § § § § § | |
| Defendants. | | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiffs Tianjin Bond USA, LLC and Bangping Yu's Motion for Summary Judgment. (Dkt. 13) After carefully reviewing the motion, response, and reply, the submissions, and the applicable law, the Court finds summary judgment for Plaintiffs should be **GRANTED.**

### **FACTUAL AND PROCEDURAL BACKGROUND**

The two Plaintiffs are a company engaged in the warehouse business and that company's president. (Dkt. 13-1 at 1) Defendants are companies engaged in the online retail business and certain corporate officers of those companies. (Dkt. 13-1 at 1) This matter started when Plaintiffs brought a state court action against Defendants, asserting claims of breach of contract, promissory estoppel, tortious interference, and conversion. (Dkt. 14-2) Defendants obtained a stay of that state court action pending arbitration of the dispute. (Dkt. 14-3)

The arbitrator ruled in favor of Tianjin Bond on its breach of contract claims against the corporate-entity Defendants ("the Award"). (Dkt. 14-41) Both parties requested clarification of the Award; those requests were denied. (Dkt. 14-43, 14-44, 14-45)

Plaintiffs filed a motion in state court to lift the arbitration stay and to confirm the Award. (Dkt. 14-47) Defendants removed the lawsuit to federal court and filed a Motion to Correct or Modify Arbitration Award ("Motion to Modify"). (Dkt. 1, 5) Plaintiffs filed a response. (Dkt. 6) While Defendants' Motion to Modify was pending, Plaintiffs filed a Motion for Summary Judgment and a supplement to that motion. (Dkt. 13, 14) Defendants filed responses to both. (Dkt. 15, 16) The court denied Defendants' Motion to Modify. (Dkt. 19)

## LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court must determine whether the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). "An issue is material if its resolution could affect the outcome of the action. A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (citations and internal quotations omitted). In deciding whether a genuine and material fact issue has been created, the Court must review the facts and the inferences to be drawn from those facts in the light most favorable to the non-movant. *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).

# ANALYSIS

Plaintiffs offer five arguments in favor of summary judgment. (Dkt. 13 at 17) Plaintiffs received favorable rulings on three of the five arguments—which are dispositive here—when the court denied Defendants' Motion to Modify. (Dkt. 19) The remaining two arguments offered by Plaintiffs were rendered moot by the denial of that same motion.

All but one of Defendants' arguments in opposition to summary judgment were addressed when the court denied Defendants' Motion to Modify. The court is not persuaded by Defendants' remaining procedural argument, that motions for summary judgment filed during a petition to confirm an arbitration award are redundant and inappropriate.

### A. Summary judgment is warranted because there remain no substantive arguments against confirming the Award.

Defendants have three primary objections to the Award: (1) that the Arbitrator erroneously found that Western post US owns Western Port Houston, which Defendants contend is a clear error that warrants modification of the Award; (2) that the Arbitrator's damages award for Plaintiffs of $164,869.10 reflects an evident material miscalculation; and (3) that the Arbitrator's failure to segregate attorney's fees constituted an evident material miscalculation. Defendants presented the arguments to the court in their Motion to Modify; that motion was denied for reasons stated on the record. (Dkt. 5, 19)

Under the Federal Arbitration Act ("FAA"), district courts play a very limited and deferential role in reviewing an arbitration panel's award. Any review is "extraordinarily narrow," and "federal courts will defer to the arbitrators' resolution of the dispute whenever possible." *Anderman/Smith Operating Co. v. Tenn. Gas Pipeline Co.*, 918 F.2d 1215, 1218

(5th Cir. 1990) (quoting *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990)). For the reasons provided in the court's denial of Defendants' Motion to Modify, Defendants' objections to the Award do not provide the court sufficient justification to set aside the arbitrator's findings and modify the Award. (Dkt. 19)

The court's denial of Defendants' Motion to Modify settled the substantive issues raised in Plaintiffs' Motion for Summary Judgment. Plaintiffs' remaining summary judgment arguments—that Defendants' Motion to Modify was untimely and that Defendants waived the right to challenge the Award—were rendered moot by the denial of Defendants' Motion to Modify.

### B. Plaintiffs are not barred from filing a motion for summary judgment after filing a motion to confirm the Award.

The court's denial of Defendants' Motion to Modify addressed Defendants' substantive arguments against summary judgment. (Dkt. 19) Defendants raise an additional procedural argument, that motions for summary judgment are redundant and thus inappropriate when a court is considering a motion to confirm an arbitration award. (Dkt. 16 at 2-3) The court finds this argument unpersuasive. Defendants' cited authority does not support their argument that motions for summary judgment are inappropriate when courts are deciding whether to confirm an arbitration award. Indeed, summary judgment motions are appropriate vehicles for resolving motion-to-confirm proceedings. *See, e.g.*, *Commc'ns Workers of Am., AFL-CIO v. Sw. Bell Tel. Co.*, 953 F.3d 822, 830 (5th Cir. 2020).

## CONCLUSION

Plaintiffs' motion for summary judgment (Dkt. 13) is **GRANTED**, and this matter is **DISMISSED**. The Court will issue a final judgment simultaneously with this opinion.

SIGNED at Houston, Texas on September 16, 2022.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE